UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEITH LANDRY, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 06-181** |
| **STATE FARM FIRE & CASUALTY CO., ET AL.** * | | **SECTION "L"(2)** |

ORDER AND REASONS

Before the Court is the Motion to Alter or Amend Remand Order or, in the Alternative, to Vacate Remand Order of Defendants, State Farm Fire & Casualty Company ("State Farm") and Charles A. Lagarde, Jr. This motion came on for hearing on June 7, 2006. For the following reasons, the motion is DENIED.

**I. Factual and Procedural Background**

This case arises from a dispute regarding homeowner's and flood insurance coverage for Plaintiffs' home, located at 5825 West End Boulevard in New Orleans, Louisiana. Plaintiffs allege that their home was destroyed during Hurricane Katrina on August 29, 2005. Defendants in this case are State Farm, Plaintiffs' homeowner's and flood insurance carrier, and Charles A. Lagarde, an agent of State Farm who was responsible for management of Plaintiffs' policies.

Plaintiffs allege that in 2000 when they purchased their home, State Farm placed them in touch with agent Tony Bordlee, who assisted them in obtaining their homeowner's policy and flood insurance policy. Mr. Bordlee served as Plaintiffs' contact with State Farm from 2000 to 2003. However, in January 2003, Plaintiffs asked State Farm for their policies to be transferred to another agent because they were dissatisfied with Mr. Bordlee's services. In 2003, State Farm referred Plaintiffs to Defendant Charles Lagarde.

After the transfer in 2003, Plaintiffs allege that they asked Mr. Lagarde to review their

coverages to ensure that they received the best coverage available.  Mr. Lagarde agreed to do so, according to Plaintiffs.  From 2003 until August 2005, Mr. Lagarde and State Farm would periodically request increases in coverage, according to Plaintiffs, and Plaintiffs believed that they had full coverage on their home.

After Hurricane Katrina, Plaintiffs allege that they learned that they did not have coverage for the contents of their home.  Defendant State Farm paid out $137,200, the full "dwelling" coverage, according to Plaintiffs; however, none of this payment was for contents.  In October 2005, Plaintiffs allege that State Farm denied them coverage for contents and stated that the reason was lack of coverage.

On December 14, 2005, Plaintiffs filed the instant suit against State Farm and Mr. Lagarde in Civil District Court for the Parish of Orleans, State of Louisiana.  For the allegedly negligent failure to provide coverage, Plaintiffs seek recovery of the full amount of the contents of their home, including damages, penalties, and attorneys' fees.  Plaintiffs further argue that Mr. Lagarde as State Farm's agent had a duty of reasonable diligence that he violated when he allegedly failed to review the Plaintiffs' coverage for its adequacy.

Defendants timely removed the suit on January 13, 2006.  On February 9, 2006, Plaintiffs filed a Motion to Remand.  The Court denied the motion on April 24, 2006.  The Court reasoned that the cause of action involved policy procurement and as such did not provide the Court with subject matter jurisdiction.  In so doing, the Court recognized that the issue remains unresolved by the Fifth Circuit.  Since the Court's remand order, one other section of this district court has addressed the same legal issue and reached the conclusion that there was no federal jurisdiction over that case.  *Janet Koppel, et al. v. Eustis Ins. Co.*, Civil Action No. 05-6865 (Rec. Doc. No.

25). Moreover, several other recent cases in this district have presented the same legal issue, but the issue was not decided in those cases for other reasons. *Paula Brown v. Winters Title Agency, Inc., et al.*, Civil Action No. 06-1863 (Rec. Doc. No. 10) (remand unopposed); *Schewe v. USAA General Indemnity Co., et al.*, Civil Action No. 06-881 (Rec. Doc. No. 21) (removal proper on another jurisdictional basis).

On May 8, 2006, Defendants filed the instant motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and alternatively asks the Court to vacate its remand order, deny remand, and certify the order for appellate review pursuant to 28 U.S.C. § 1292(b). Plaintiffs have not responded to this motion.

## II.  Defendants' Motion to Alter or Amend Judgment

Under Rule 59(e), a court may reopen a case that has gone to final judgment if a party demonstrates a manifest error of law or fact or newly discovered evidence. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The motion should be used sparingly, and the motion is not a proper vehicle for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478-79. The Court must consider the evidence in the record at the time of the motion to alter and amend judgment as well as the time of judgment. *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 349 (5th Cir. 1989).

Under this standard, the Court sees no reason to deviate from its prior ruling in this case. Defendants in their brief merely reiterate arguments they presented at the time of Plaintiff's Motion to Remand, and the present motion is not a proper forum for rehashing those arguments.

The Court held that this case was one involving policy procurement. Although the Plaintiffs had a flood insurance policy in existence at the time in question, they allegedly sought

to procure additional coverage for the contents of their home.  Plaintiffs alleged that the reason that this procurement did not occur was an error or omission of State Farm's agent, Defendant Charles Lagarde.  Plaintiffs brought their claim against the Defendants in state court under Louisiana tort and insurance law.

As the Court stated in its earlier Order and Reasons, and as Judge Vance has reasoned in the *Koppel* case, the Fifth Circuit has only held that claims for policy handling are completely preempted by federal law such that federal jurisdiction is appropriate.  *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005).  Federal preemption of other types of claims arising from NFIPs remains unresolved.  Moreover, FEMA regulations regarding NFIPs indicate that state jurisdiction continues to be appropriate for claims involving an agent's negligence because insurance companies are not reimbursed for those claims by FEMA.  44 C.F.R. Pt. 62, App. A, Art. IX.  Given the Fifth Circuit case law and the plain language of the regulations, the Court held that state law tort claims for policy procurement are not completely preempted by federal law.  Thus, a case of errors in policy procurement does not confer subject matter jurisdiction upon the district court.  Accordingly, the Court declines to disturb its prior ruling in this case.

## III.     Certification for Appeal

Because of the absence of Fifth Circuit precedent on this issue, the Defendants ask the Court to vacate its remand order, deny the motion to remand, and certify that order as an appealable interlocutory order under 28 U.S.C. § 1292(b).

Generally, the grant of a motion to remand is not appealable.  28 U.S.C. § 1447(d). However, if the motion to remand were denied, the Court would have the power to certify the order denying remand for interlocutory appeal.  *See Rainwater v. Lamar Life Ins. Co.*, 246

F.Supp.2d 546, 548 (S.D. Miss. 2003).

Defendants' argument is compelling. The Fifth Circuit has not spoken directly on the issue presented in this case. Also, given the flood of insurance litigation after Hurricane Katrina, the issue is likely to present itself again: in fact, the same issue has come up repeatedly in this district in the brief time since the Court issued its Order and Reasons in this case.

However, the Court declines to disturb its prior ruling. Even though appellate review may be useful, the Court believes that vacating the prior Order and Reasons would be acting upon an erroneous statement of law. The Court cannot justifiably subject the parties to further litigation of a legal issue that the Court believes was correctly decided and consistent with other court rulings.

**IV. Conclusion**

Accordingly, Defendants' Motion to Alter or Amend Remand Order or, in the Alternative, to Vacate Remand Order is hereby DENIED.

New Orleans, Louisiana, this ___8th___ day of June, 2006.

_____
UNITED STATES DISTRICT JUDGE